Manny Caixeiro
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112
Telephone: 212.262.6900
Facsimile: 212.977.1649

Attorney ASUSTeK Computer, Inc. and
ASUS Computer International, Inc.

14 MISC 0125




**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL,<br>*Plaintiffs,*<br>v.<br>ROUND ROCK RESEARCH, LLC,<br>*Defendant.* | Case No. ____________<br>Related Case No. 1:14-mc-0111-P1<br>Related Case No. 1:14-mc-0112-P1<br>Related Case: No. 4:11-cv-06636-CW presiding in the U.S. District Court for the Northern District of California |
| ROUND ROCK RESEARCH, LLC,<br>*Counterclaim Plaintiff,*<br>v.<br>ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL,<br>*Counterclaim Defendants.* | |

**MEMORANDUM OF LAW IN SUPPORT OF ASUSTEK COMPUTER INC.'S AND ASUS COMPUTER INTERNATIONAL'S MOTION TO COMPEL JOHN M. DESMARAIS TO PRODUCE RESPONSIVE DOCUMENTS INCLUDING HIS VALUATION OF THE ROUND ROCK <u>PATENT PORTFOLIO COMPLETED FOR TAX PURPOSES</u>**

# I. INTRODUCTION

Mr. John M. Desmarais should be compelled under Federal Rule of Civil Procedure 45(d)(2)(B)(i) to produce the valuation of Round Rock Research, LLC's ("Round Rock") patent portfolio that he created for tax purposes, and any other relevant non-privileged and non-duplicative documents in his possession that are responsive to his document subpoena. If Mr. Desmarais has no non-privileged, non-duplicative documents in his possession—besides the patent portfolio valuation—he should so state. At a minimum, the patent portfolio valuation is highly relevant to ASUS's damages defense in ASUS's patent infringement litigation with Round Rock, pending in the Northern District of California.

As owner of Round Rock—the holder of the patents-in-suit that Round Rock alleges ASUS infringes—Mr. Desmarais is one of the most critical witnesses in this case and he indisputably valued the Round Rock patent portfolio for his tax purposes. But, in a related action, Round Rock refused to produce this valuation to ASUS by arguing that it was in the possession of Mr. Desmarais in an individual capacity, not in the possession of Round Rock. Accordingly, in this action, on March 19, ASUS served a document subpoena on Mr. Desmarais individually. To avoid undue burden and duplicity, ASUS specifically instructed Mr. Desmarais that he need not produce any documents produced by Round Rock. But Mr. Desmarais has flatly refused to produce the valuation of Round Rock's patent portfolio by now arguing that it is not relevant, and he has failed to produce any other responsive documents as well. Because the valuation of Round Rock's patent portfolio is highly relevant to the "reasonable royalty" calculation for ASUS's damages defense, Mr. Desmarais must produce it, and any other non-privileged non-duplicative documents in his possession that are responsive to ASUS's document subpoena.

## II. BACKGROUND

### A. PROCEDURAL HISTORY

ASUS and Round Rock are engaged in two patent litigation cases in the Northern District of California. On December 23, 2011, ASUS filed a complaint against Round Rock in *ASUS Computer Int'l v. Round Rock Research*, LLC, Case No. 4:11-CV-06636-CW (N.D. Cal.) ("this action") seeking a declaratory judgment of non-infringement and invalidity on ten patents. Round Rock filed counterclaims on August 23, 2013, and fact discovery began after ASUS answered Round Rock's counterclaims on September 16, 2013. (Ex. 1.)[1] ASUS's motion for summary judgment is due May 29, 2014. (Ex. 2, at 1.) Fact discovery is scheduled to close in August or September, depending on when the Court issues its claim construction order. (*Id.*) Trial is scheduled for December 2014. (*Id.*)

Separately, on April 26, 2012, ASUS filed another action against Round Rock in *ASUS Computer Int'l v. Round Rock Research, LLC*, Case No. 3:12-cv-2099-JST (N.D. Cal.) ("the 2099 action") for declaratory judgment with respect to six different Round Rock patents. Fact and expert discovery have closed in the 2099 action, and trial, which was previously scheduled for May 19, likely will be rescheduled for September or December 2014.

### B. FACTS

Mr. Desmarais is one of the most (if not *the* most) significant witnesses in this case. In addition to being a founder and chairman of Round Rock, Mr. Desmarais *owns* Round Rock, and therefore, by extension, the patents at issue in this case. (Ex. 3, ¶ 1.) Round Rock's initial disclosures even identify him as having critical information "regarding the licensing and ownership of the patents-in-suit." (Ex. 4, ¶ Q.)

---

[1] All citations to exhibits and declarations herein reference the Declaration of John D. Esterhay unless otherwise noted.

During fact discovery in the 2099 action, ASUS served discovery requests on Round Rock, and Round Rock produced some responsive documents. But Round Rock refused to produce a valuation of Round Rock's patent portfolio created by Mr. Desmarais for tax purposes, arguing instead that such a document was not "within the custody, control, or possession of Round Rock." *ASUS Computer Int'l v. Round Rock Research, LLC*, Case No. 3:12-cv-2099-JST, slip op. at 4 (N.D. Cal., Jan. 24, 2014) (Cousins, M.J.) (Ex. 5, at 4). After fact discovery closed, the parties briefed the issue in front of U.S. Magistrate Judge Nathanael M. Cousins, and Judge Cousins agreed that the document was not in Round Rock's possession, yet specifically noted that it "may be of some relevance to ASUS's defense." (*Id.*) Since fact discovery had already closed in the 2099 action, ASUS had no further opportunity in that action to serve a subpoena on Mr. Desmarais individually.

On March 19, 2014, ASUS served a document production subpoena in this action under Federal Rule of Civil Procedure 45 on Mr. Desmarais in his individual capacity. (Ex. 6.) To avoid undue burden and duplicity, the subpoena specifically exempted Mr. Desmarais from producing documents already produced by Round Rock either in this action or the 2099 action. (*Id.* at 5.) In addition to other relevant categories, the subpoena requested the production of "[a]ll documents and things that refer or relate any valuation of the Patents-in-Suit" and "[a]ll documents and things that refer or relate any valuation of the Round Rock patent portfolio or any portion thereof." (*Id.* at 7.) On March 28, Mr. Desmarais served his responses and objections, whereby he refused to produce some documents, agreed to produce others, and offered to meet and confer about some documents including those relating to patent valuations. (Ex. 7, at 9-10.)

ASUS and Mr. Desmarais, through his counsel at the eponymous Desmarais LLP, met and conferred telephonically about the document subpoena and patent portfolio valuation on

April 8. During the meet and confer, Mr. Desmarais's counsel acknowledged he had a document that valued Round Rock's patent portfolio for his tax purposes, but took the position that the document is not relevant and he will not produce it. (Ex. 8, at 1.) His counsel also stated a belief that Mr. Desmarais did not have any responsive non-privileged documents that are not cumulative with what was already produced by Round Rock in the 2099 action. (*Id.*) But neither Mr. Desmarais nor his counsel have ever definitively affirmed that he does not have any responsive non-privileged, non-duplicative documents. Additional negotiations did not alter the parties' positions (Ex. 9, at 1), and Mr. Desmarais has still not produced ***any*** documents in response to his subpoena, over a month after it was served. (Decl. ¶ 15.) As a result, ASUS now moves to compel production of Mr. Desmarais's valuation of the patent portfolio, along with any other non-privileged, non-duplicative documents in Mr. Desmarais's possession that are responsive to ASUS's document subpoena.[2] If Mr. Desmarais has no other non-privileged, non-duplicative documents in his possession—besides the patent portfolio valuation—he should affirm it by declaration.

## III. ARGUMENT

### A. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105

---

[2] ASUS also served Mr. Desmarais with a deposition subpoena under Federal Rule of Civil Procedure 45, but he has refused to be deposed. His motion to quash was filed in this District on April 14, and is pending as Case No. 1:14-mc-0111-P1. ASUS's Opposition to that motion is being filed on the same day as this motion to compel. Due to the fact that the issues raised in this motion and Mr. Desmarais's motion to quash are intertwined with the underlying case—Mr. Desmarais owns Round Rock and his law firm Desmarais LLP represents both him and Round Rock in relation to this matter—ASUS asked Mr. Desmarais if he consented under Rule 45(f) for discovery motions to be transferred to the Northern District of California, specifically to the magistrate already dealing with the *ASUS v. Round Rock* case. (Ex. 10, at 1.) Mr. Desmarais refused. (Ex. 11, at 1.) To the extent this Court finds a transfer to the Northern District of California warranted, such as under Rule 45(f), ASUS would not object.

(S.D.N.Y. 2004); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Schoolcraft v. City of New York*, No. 10 Civ. 6005, 2012 WL 2161596, at *12 (S.D.N.Y. June 14, 2012) (quoting *Oppenheimer*, 437 U.S. at 351). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. *See, e .g.*, *King County, Washington v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012).

Once relevance has been shown, it is up to the responding party to justify curtailing discovery. *Condit*, 225 F.R.D. at 106. "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). "Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive." *Tourtelotte v. Anvil Place Master Tenant, LLC*, No. 3:11CV1454, 2012 WL 5471855, at *1 (D. Conn. Nov. 9, 2012) (quotation omitted).

Documents simply prepared for tax purposes are not exempt from those rules. Tax returns themselves are subject to slightly more stringent standards, because a party seeking to compel disclosure of tax returns must demonstrate (1) "that the requested tax information is relevant to the subject matter of the action; and (2) that there is a compelling need for this information because the information contained therein is not otherwise readily obtainable." *Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 84

(S.D.N.Y. 2006). But courts have ordered the production of tax returns in patent litigation when they contain evidence of the patent-owner's valuation of patents-in-suit. *See, e.g.*, *Fenner Inv., Ltd. v. Microsoft Corp.*, No. 6:07-cv-00008, slip op. (E.D. Tex. Jan. 14, 2009) (Davis, J.) (Ex. 12.)

**B. MR. DESMARAIS'S VALUATION OF ROUND ROCK'S PATENT PORTFOLIO IS RELEVANT TO ASUS'S DAMAGES DEFENSE**

Mr. Desmarais's valuation of the Round Rock patent portfolio is relevant to damages in this case because it is useful in determining a "reasonable royalty" under 35 U.S.C. § 284 by ensuring that the result of the hypothetical negotiation analysis is "reasonable," as is required by law. In fact, Magistrate Judge Nathanael M. Cousins in the 2099 action specifically noted that this document "may be of some relevance to ASUS's defense." *ASUS Computer Int'l v. Round Rock Research, LLC*, Case No. 3:12-cv-2099-JST, slip op. at 4 (N.D. Cal., Jan. 24, 2014) (Cousins, M.J.) (Ex. 5, at 4.) As a threshold matter, Mr. Desmarais acknowledged the existence of the valuation during the parties' April 8 telephonic meet and confer.

Round Rock's damages case will be based, at least in part, on recovering a reasonable royalty for any alleged infringement of the patents-in-suit. *See* 35 U.S.C. § 284. As such, damages in this case will be calculated based on a hypothetical negotiation under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Determining what constitutes a reasonable royalty includes examining the value Mr. Desmarais placed on Round Rock's patent portfolio in preparing his taxes. To ignore that valuation would allow the reasonable royalty determination to be unrelated to what Mr. Desmarais—as owner of Round Rock—felt Round Rock's patents were worth. As such, Mr. Desmarais's valuation of the Round Rock patent portfolio is highly relevant to ASUS's defense under Federal Rule of Civil Procedure 26(b)(1). Furthermore, if the valuation is lower than what Round Rock is arguing in

this case, it is also relevant in challenging or impeaching the testimony or credibility of Round Rock witnesses. Finally, the valuation Mr. Desmarais prepared is particularly relevant to ASUS's case because Mr. Desmarais constructed that valuation believing that Round Rock's patent portfolio covered the ASUS products that Round Rock has accused in patent litigation. ASUS is entitled to that valuation so it can properly prepare its damages defense.

### C. MR. DESMARAIS HAS NOT RAISED ANY PRIVACY CONCERNS

This case is subject to a Protective Order, and both parties and nonparties have disclosed thousands of pages of confidential financial and technical information based on the protection provided by that Order. Mr. Desmarais's valuation of Round Rock's patent portfolio is no more sensitive, and thus should be produced.

### D. MR. DESMARAIS SHOULD PRODUCE ANY OTHER NON-PRIVILEGED, NON-DUPLICATIVE DOCUMENTS, OR AFFIRM IN WRITING THERE ARE NONE

Finally, in more than a month since his document subpoena Mr. Desmarais has produced *no documents whatsoever* in response to the subpoena. He should be compelled to produce any other non-privileged, non-duplicative documents, including emails regarding the valuation of the patents-in-suit prior to the formation of Round Rock. To the extent Mr. Desmarais contends there are no non-privileged or non-duplicative documents in his possession, he should affirm that in a declaration so that Round Rock cannot later argue otherwise, such as in expert reports or at trial.

## IV. CONCLUSION

For the foregoing reasons, Mr. Desmarais should be compelled to produce the valuation Round Rock's patent portfolio that he created for tax purposes, and any other relevant non-privileged and non-duplicative documents in his possession that are responsive to his document subpoena. If Mr. Desmarais has no non-privileged, non-duplicative documents in his

possession—besides the patent portfolio valuation—he should affirm this in a declaration.

Dated: April 25, 2014

Respectfully submitted,

PERKINS COIE LLP

By: ______________________

Manny Caixeiro
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112
Telephone: 212.262.6900
Facsimile: 212.977.1649

Attorney for ASUSTeK Computer, Inc. and ASUS Computer International, Inc.